Deabeeiok, O. J.,
delivered, the opinion of the court:
In January, 1866, complainant, -as creditor of defendant, Farnsworth, filed his hill attaching the sum of ten or twelve hundred dollars in the hands of Samnel S. Stephens, and requiring him to answer as garnishee.-
In obedience to the process of the court, Stephens appeared at the May term, 1866, of the court, and on the eleventh day of May answered, in writing and under oath, that he was “indebted to the said Farnsworth in the sum of $1,190.08.” Stephens further states that in the spring of 1865 Farnsworth desired him to pay this sum, hut he, Stephens, desired time to consider the matter, “q,s there was a suit in the chancery court of Greene county on this same matter.” He adds that he has no property or effects of said Farnsworth in his possession, and that “the above is a true account of his whole indebtedness.”
At the November term, 1867, of the court, D. Sevier *372 was allowed to become a party defendant, and subsequently filed bis answer as clerk and master of said chancery court, setting up and charging that in bToveniber, 1861, he, as the clerk and master, obtained a decree for the use of the estate of Jas. 'Whittenberg, deceased, against said Farns-worth and others, for if;-, and that said Farnsworth, on the eighteenth of April, 1865, transferred and assigned to him his claim against Stephens, which, when adjudicated and paid over, was to be credited upon the judgment or decree against Farnsworth, and that this assignment was registered the thirteenth of May, 1865, and is exhibited with the answer.
The answer further states that three or four days before complainant's bill was filed, the said Sevier notified said complainant and his solicitor that the funds they were seeking to attach had been assigned to him for the purpose of satisfying the Whittenberg debt, and the assignment was then in the file of papers in the cause of Stephens v. Farnsworth, pending in the chancery court.
It further appears from said Sevier’s answer that on the tenth of May, 1866, a decree was rendered in said chancery court in the oases of Stephens v. Farnsworth and Farns-worth v. Stephens, bill and cross-bill, in favor of Farns-worth against Stephens for $1,320.67, and it was further adjudged that if said decree was not satisfied and paid in thirty days, certain mill property, upon which a lien subsisted, should be sold for its satisfaction, and, after paying a fee to counsel of Farnsworth, the residue was to be paid to, or retained by, the clerk and master, Sevier, to whom it had been assigned by Farnsworth. On the eighteenth of June, 1866, Stephens paid into the office of the clerk and master the amount adjudged against him, which was applied, on the twentieth of June, 1866, to pay the lien of counsel, and the residue has been applied to the Whitten-berg claim.
The respondent, Sevier’s, answer, it is agreed, shall be *373 taken as bis deposition, also in tbe case, having been duly sworn to.
It appears from tbe record that Farnsworth’s assignment of bis claim on Stephens was made on tbe eighteenth ot April, 1865, and was registered and filed with tbe papers in the cause of Stephens v. Farnsworth; that on the tenth of May, 1866, a decree was rendered against Stephens in favor of Farnsworth, on his cross-bill, for $1,320.67, and in said decree it was adjudged that said fund, deducting one hundred dollars for counsel fee, should be paid Sevier on the ground of the assignment to him for the Whitten-berg decree, yet, oñ the eleventh of May, the next day, Stephens, as garnishee, answers that he is indebted to Farnsworth $1,190. Both causes were pending in the same court, and when the decree in the cas'e between Stephens and Farnsworth was rendered, the counsel of complainant in this case claimed that they were entitled to the fund, and it appears a contest was had between counsel in this case and counsel in the Stephens case, which was decided by the court in favor of the assignment to the clerk and master. The decision seems to have been acquiesced in by the complainants in this case and their counsel. No steps were taken in the cause after the garnisheed answer and the decree in the Stephens cause, until the fifteenth of May, 1.868, when an amended bill was filed seeking to set aside as fraudulent deeds of trust executed by Farnsworth, and to have satisfaction of the debn sued for, although Stephens had answered that he owed Farnsworth more than the amount of complainant’s debt. And on failure to secure anything by the amended bill, in May, 1870, on confirmation of tl’ie master’s report of the amount of complainant’s debt, and refusal to enter decree against the garnishee, Farnsworth appealed.
The decree against Farnsworth was affirmed by this court, and the cause was remanded.
Farnsworth and Stephens having died, the cause was *374 revived against the administrator of the former and the representatives of Stephens, and at the May term, 1870, a decree was pronounced, refusing to. give a judgment against Stephens’ representatives upon his answer as garnishee, and complainants have appealed.
The case presents some remarkable features. Stephens answered, evidently in ignorance of important facts affecting his rights, on the eleventh of May, 1866, that he owed Farnsworth $1,190, in a canse pending in the court in which the day before a decree had been pronounced against him, in Farnsworth favor, and in this same decree it was adjudged that this sum belonged to, or should be paid to, third parties, upon an assignment by Farnsworth; and this fact was known to complainant and to his counsel when Stephens’ answer was written by one of complainant’s counsel and not communicated to Stephens. In Stephens' answer he referred to the fact that “there was a suit in the chancery court about this same matter.”
It also appears that after the contest in open court about the right to the fund in question, that complainants abandoned, for á period of eighteen months or more, the prosecution of their claim against Stephens, and apparently acquiesced in its appropriation to- the Whittenberg claim, and by an amended bill sought satisfaction, of his debt from other sources. In the meantime the fund had been collected and distributed, and the complainant, after Stephens had lost the means of self-protection against the payment of this debt, under the decree of the court against him, in 1870, more than three years after the decree adjudging the validity of the assignment, sought a decree against Stephens upon his answer as garnishee.
It has been repeatedly held by this court that notice to the debtor is essential to the validity of the assignment of a chose in action. But under the peculiar circumstances of this case we think that complainant, by his conduct, has led the defendant to believe he had abandoned his claim *375 against him, upon liis answer as garnishee, and that it would he inequitable to hold said Stephens liable to' pay the debt due a second time. The chancellor’s decree will, therefore, be affirmed.